

FILED

07/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0370

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0370

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHAD ALLEN MILLER,

Defendant and Appellant.

FILED

JUL 1 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

The above-captioned criminal appeal was filed in this Court as a verified Petition for an Out-of-Time Appeal wherein self-represented Appellant Chad Allen Miller alleges an illegal sentence upon revocation, imposed in 2022. Miller raises claims of an illegal sentence for not receiving enough street time credit and a claim of ineffective assistance of counsel because his counsel did not seek a timely appeal. Upon review, we deem it appropriate to consider the issue of an illegal sentence as if raised in a petition for a writ of habeas corpus to this Court.

Miller seeks to appeal a September 15, 2022 Order of Revocation and Disposition, issued in the Eleventh Judicial District Court, Flathead County. The District Court revoked Miller's suspended, five-year commitment to the Department of Corrections (DOC) for failing to register as a violent offender.

Miller has a recent criminal history of at least four cases—two from the Flathead County District Court and two from the Cascade County District Court.[1] We secured available electronic documents. On January 16, 2003, Miller entered a guilty plea to felony issuing a bad check (common scheme), and the Flathead County District Court imposed a

---

[1] Miller's second sentence from Cascade County may not be as pertinent because it runs concurrently. On March 1, 2018, he had a sentencing hearing in Cascade County District Court for felony forgery, and the court sentenced him to the DOC for five years with three years suspended. The court awarded 47 days of credit for time served as well as ran this sentence concurrently.

suspended, five-year term to the Montana State Prison (MSP) (Cause No. DC-02-355(B)). The State filed a petition to revoke in March 2008. In March 2008, the Eighth Judicial District Court, Cascade County, sentenced Miller to MSP for an eight-year term with five years suspended for felony assault on a peace officer and awarded 243 days of credit for time served (Cause No. ADC-07-312). The court ran his sentence consecutively to his sentence from Flathead County.

Thereafter, the Flathead County District Court imposed a consecutive sentence upon revocation of five years with three years suspended to MSP for issuing a bad check. In May 2013, the State filed a petition to revoke Miller's suspended sentence. Three more petitions to revoke were filed in 2013 and 2014. On January 30, 2014, the State charged Miller with felony bail jumping. On July 10, 2014, in open court, the District Court committed Miller to the DOC for a three-year term upon revocation to run consecutively to his sentence from Cascade County. The court dismissed the bail jumping charge, and awarded credit for time served of one day as well as noting the previous 107 days.

On August 13, 2014, the Cascade County District Court revoked the 2008 sentence and imposed a two-year term to the DOC for assault on a peace officer. The court ran this sentence consecutive to his first sentence from Flathead County. The court and counsel waived credit for time served because of the reduced sentence. On November 6, 2014, the Flathead County District Court amended its Order of Revocation, Judgment and Sentence, correcting the credit for time served. "The Defendant shall receive credit for one hundred eighty-nine (189) days time served from May 14, 2013 to July 18, 2013 (66 days), September 9, [2013] to October 25, 2013 (46 days), and May 1, 2014 to July 16, 2014 (77days)."

The foregoing information may not be a complete history of Miller's custodial and probationary time. For the sentence at issue, on May 4, 2015, the Flathead County District Court held a hearing in aggravation and mitigation of sentence for Miller's new felony offense of failure to register as a violent offender (Cause No. DC 2014-355). Miller had entered a no contest plea a few months prior. The District Court committed Miller to the

2

DOC for a suspended, five-year term, to run consecutively to his other sentences. The court amended the judgment in August 2015 to reflect 207 days of credit for time served. On September 15, 2022, the Flathead County District Court revoked his suspended sentence and sentenced Miller to the DOC for a five-year, unsuspended term. The court gave credit of 31 days for time served in custody. The court stated: "Defendant was previously granted __0__ days' time served in custody in the Amended Judgment and Sentence filed 08/27/2015." The court awarded elapsed time credit of 24 months. The order does not mention the prior credit of 207 days.

Miller argues that his sentence is illegal and that is the basis of his appeal. Miller states that his sentence commencement date was June 7, 2018. He asks for credit from June 7, 2018 to September 15, 2022.

Miller may complete his sentence at issue prior to resolution of this appeal. "The writ of habeas corpus is designed to correct such flaws and to remedy 'extreme malfunctions in the state criminal justice systems.'" *Lott v. State*, 2006 MT 279, ¶ 20, 334 Mont. 270, 150 P.3d 337 (citation omitted). Miller's Petition provides an opportunity to correct a potentially facially invalid sentence in a timelier manner than a direct appeal.

It appears that Miller may have a claim that the revocation judgment should have included Miller's previous credit of 207 days. Miller's claim to additional credit for elapsed time requires more thorough review of the judgments since 2014. Because of the limited history he presents, we conclude that justice would be better served to dismiss this case, and to consider it as an original proceeding under a new cause number, as assigned by the Clerk upon entry of this Order. We also deem it appropriate to require a response to the issue of Miller's previous credit for time served missing in his 2022 sentence upon revocation from Flathead County as well as his stated issue of additional elapsed time. Therefore,

IT IS ORDERED:

1. the appeal in Cause No. DA 23-0370 is DISMISSED with prejudice and Miller's Motion for Appointment of Counsel is DENIED, as moot;

3

2. the appeal is CLOSED as of this Order's date;

3. Miller's Petition shall be DEEMED a petition for a writ of habeas corpus and it shall be FILED in a new cause number for an original proceeding, Cause No. OP _____, *Chad Allen Miller, Petitioner, v. Cpt. Jason Kowalski, and State of Montana, Respondents*;

4. a copy of this Order shall be filed in this appeal, Cause No. DA 23-0370, and in the original proceeding; and

5. the Attorney General or counsel for the Department of Corrections are GRANTED sixty days from the date of this Order in which to prepare, file, and serve a written response to the petition for a writ of habeas corpus along with any documentary exhibits and a sentence calculation.

The Clerk is directed to provide a copy of this Order to counsel of record, to counsel for the Department of Corrections, and to Chad Allen Miller personally.

DATED this ___ day of July, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

4